**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 09 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN JOHN DETROY,<br><br>    Plaintiff - Appellant,<br><br>    v.<br><br>CITY AND COUNTY OF HONOLULU, a municipal corporation; HONOLULU POLICE DEPARTMENT; LEE DONAHUE, Chief of Police; JONATHAN WONG; DOES, 1-30, inclusive.<br><br>    Defendants - Appellees. | No. 05-17254<br><br>D.C. No. CV-04-00203-SPK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior Judge, Presiding

Argued and Submitted June 7, 2007
Honolulu, Hawaii

Before: ALARCON, BERZON, and TALLMAN, Circuit Judges.

The district court properly granted Wong qualified immunity on Detroy's claim that Wong's search warrant application caused an unconstitutional search of

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

his apartment. Detroy failed to show that a reasonable officer in Wong's position would have known the warrant application was so obviously devoid of probable cause that he never should have applied for the warrant. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986). Although the Supreme Court ultimately held that thermal imaging constitutes a search that requires a warrant, *see Kyllo v. United States*, 533 U.S. 27, 40 (2001), the question had certainly not been clearly decided at the time of the search in this case; indeed, this court held soon after the warrantless thermal imaging of Detory's home that such activity did *not* constitute a search, *see United States v. Kyllo*, 190 F.3d 1041, 1043 (9th Cir. 1999), *rev'd*, 533 U.S. 27 (2001). Therefore, an officer in Wong's position in 1997 would have reasonably believed that thermal imaging results could be considered by a judge in evaluating the totality of the circumstances. The district court also properly ruled that Detroy failed to show that Wong's affidavit in support of the warrant application contained material falsehoods or omissions. *See Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (per curiam).

Detroy failed to allege anywhere in his complaint a cause of action under 42 U.S.C. § 1983 related to the media's presence during the execution of the search warrant. Indeed, in his briefs to this court, Appellant's counsel labeled the claim as a state law privacy claim brought under his fifth cause of action for negligence.

In its responsive brief, the Appellees argued correctly that Detroy failed to present any Hawaii legal precedent to support his state law right of privacy claim. During oral argument, Detroy's counsel repeatedly referred to his claim as a state cause of action.

Further, the district court properly ruled on summary judgment that Detroy had failed to establish a *prima facie* case since he could not establish through discovery how the television cameraman and reporter even arrived at Detroy's apartment during the search. The videotaped evidence filmed by a police photographer of the news crew arrival may be sufficient to establish a claim for trespass or invasion of privacy under Hawaii law. Therefore, because Appellant concedes that he did not properly allege a claim under § 1983, and the district court properly ruled that there was insufficient evidence to support a civil rights claim after over a year of discovery, remanding for amendment of the pleadings would be futile. On this record there is no need to reach the question of entitlement to qualified immunity.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 14 2007

by
Deputy Clerk

**FILED**

JUL 09 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

*Detroy v. City and County of Honolulu, et al.*, No. 05-17254

BERZON, Circuit Judge, dissenting in part:

I dissent. I would reverse the district court with respect to the media presence claim.

### I.

Pursuant to Federal Rule of Civil Procedure 15(b), we treat issues actually litigated in the district court with the consent of the parties "in all respects as if they had been raised in the pleadings, even if the parties have failed formally to amend the pleadings. If an amendment should have been made, we will presume [on appeal] that it has been made." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1522 (9th Cir. 1985) (citations omitted), *superseded by statute on other grounds*, 28 U.S.C. § 1961, *as recognized in Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1156 (9th Cir. 1988); *see also* 6A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1493 (2d. ed. 1990) ("Rule 15(b) does not require that a conforming amendment be made and there is no penalty for failing to do so."). Defendants have never maintained that the media presence claim should be dismissed because it is not in the complaint, choosing instead to address the claim on the merits in both the district court and before this court. This course of action constitutes implied consent. Fed. R. Civ. P. 15(b) ("When

issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *see also* 6A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1493 (2d. ed. 1990). Furthermore, by ruling on the claim's merits, the district court reconfirmed that there had been a constructive amendment. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 n.8 (9th Cir. 1986) (recognizing that, even where no formal motion to amend is made, "a district court may amend the pleadings merely by entering findings on the unpleaded issues").

Moreover, despite the fact that the parties sometimes refer to the media presence claim as one arising out of state law, it is rightfully understood as a § 1983 Fourth Amendment claim. At no stage in the litigation has either party ever cited – or even referred to – Hawaii law in discussing the claim. With the exception of Detroy's single citation to a California case, both Defendants and Detroy relied exclusively on Fourth Amendment cases to substantiate their arguments. Additionally, both parties strenuously debated the application of federal qualified immunity to the media presence claim. Finally, the district court's summary judgment order makes clear it also understood the claim to be a § 1983 claim, although the court also ruled on state law immunity issues. Given that we routinely look past the parties' labels to determine the true nature of a claim, *see, e.g., Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006);

*Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006); *Carpenters Health & Welfare Trust v. Vonderharr*, 384 F.3d 667, 671 (9th Cir. 2004); *Madison v. Graham*, 316 F.3d 867, 872 (9th Cir. 2002), I would treat the media presence claim as the parties and district court did — as a § 1983 claim, either solely or in conjunction with a state law privacy cause of action.

## II.

Reaching the media presence cause of action on appeal, I would reverse the district court.

*First*, the district court erred in concluding that "[t]he law regarding such media 'tag alongs' was not clearly established in 1997." Governing Ninth Circuit precedent on the day Detroy's apartment was searched – December 17, 1997 – unequivocally established that media presence during the execution of a search warrant in a private home, when not in aid of the warrant's execution, is unconstitutional. *See Berger v. Hanlon*, 129 F.3d 505 (9th Cir. 1997) ("*Berger I*") (filed on November 13, 1997), *rev'd on other grounds*, 526 U.S. 808 (1999) (per curiam) ("*Berger II*"). While the Supreme Court subsequently overturned the portion of *Berger I* that concluded the unconstitutionality of such conduct was clearly established in 1993 — when the *Berger* search took place — it upheld the Ninth Circuit's constitutional holding. *Berger II*, 526 U.S. at 809-10; *see Wilson*

*v. Layne*, 526 U.S. 603, 614 (1999) ("We hold that it is a violation of the Fourth Amendment for the police to bring members of the media . . . into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant."). Accordingly, as of *Berger I*, the law in this circuit prohibiting such conduct was clearly established.

*Second*, the district court also erred in holding that Detroy failed to provide sufficient evidence regarding how the media came to be in his home during the execution of the search warrant. *Wilson* makes clear that the mere presence of the media (or any third party not participating in the execution of the warrant) in the individual's home during a police search with police acquiescence violates the Fourth Amendment. 526 U.S. at 613-14 & n.2 ("[T]he violation of the Fourth Amendment is the presence of the media . . . ."); *see also Demery v. Arpaio*, 378 F.3d 1020, 1032 (9th Cir. 2004) (describing *Wilson*'s holding as prohibiting "the presence of reporters during the execution of search warrants at a suspect's home"). Defendants concede that the videotape evidence Detroy submitted in support of his summary judgment motion demonstrates the police's acquiescence in the presence of the media during the execution of the search warrant.

*Third*, even if Detroy was required to provide evidence from which a jury could infer that the police *invited* the media into his home — which I do not

believe he was — the videotape evidence sustains that evidentiary burden for summary judgment purposes. The video clearly shows policemen actively assisting the media representatives in obtaining their story. The cooperation between the media crew and the police is extensive. Detroy was handcuffed and in police custody at the point when the media members were permitted to enter the apartment, and it is evident that the police were exercising full control of the premises. *See Stack v. Killian*, 96 F.3d 159, 162 (6th Cir. 1996) ("'Officers in 'unquestioned command' of a dwelling may . . . exceed the scope of the authority implicitly granted them by their warrant when they permit unauthorized invasions of privacy by third parties who have no connection to the search warrant or the officers' purposes for being on the premises.'" (alterations in original) (quoting *Bills v. Aseltine,* 958 F.2d 697, 704 (6th Cir.1992))). While Detroy has not submitted direct evidence showing the police formally invited the news crew into his apartment, the evidence he did submit reasonably gives rise to such an inference, and it stands uncontradicted. The evidence is sufficient to survive summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

For all these reasons, I respectfully dissent.